UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TONY MACK,

        Petitioner,

v.

        CASE NO. 2:08-CV-13204
        HONORABLE GEORGE CARAM STEEH

MARY BERGHUIS,

        Respondent.
_____/

## OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY

**I.    Introduction**

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Tony Mack pleaded guilty to one count of conducting a criminal enterprise, Mich. Comp. Laws § 750.159i(1), four counts of uttering and publishing, Mich. Comp. Laws § 750.249, and one count of driver's license forgery, Mich. Comp. Laws § 257.310(7)(a), in the Saginaw County Circuit Court and was sentenced to concurrent terms of 13 years four months to 20 years imprisonment, nine years four months to 14 years imprisonment, and six years eight months to 10 years imprisonment on those convictions in 2003.

In his pleadings, Petitioner raises claims challenging the validity of his plea and sentences. Respondent, through the Michigan Attorney General's Office, has filed an answer to the petition contending that it should be denied. For the reasons stated herein, the Court denies the petition for a writ of habeas corpus and denies a certificate of appealability.

## II. Facts and Procedural History

Petitioner's convictions arise from his conduct in driving four co-defendants to Frankenmuth in Saginaw County, Michigan and Richville in Tuscola County, Michigan for the purpose of cashing fraudulent checks. Petitioner knew that each of his co-defendants would be passing bad checks. Petitioner also drove his cohorts to local offices of the Secretary of State so that they could falsely change their addresses on their driver's licenses and then open credit union accounts as if they were local residents. Petitioner tendered his plea on July 11, 2003. At the plea hearing, Petitioner stated that he was pleading guilty of his own free will and indicated that he understood the charges, as well as the terms and consequences of his plea. He acknowledged that there was no sentencing agreement and the trial court informed him of the maximum possible sentences for each charge. Petitioner confirmed that his plea was voluntary and that he had not been threatened or promised anything beyond what was stated on the record. The factual basis for the plea was entered into the record and agreed upon by the parties. The trial court accepted the plea, finding it to be knowing and voluntary.

Petitioner's sentencing hearing began on August 3, 2003, continued on other days, and concluded on September 10, 2003. During the course of those hearings, the prosecution presented law enforcement testimony which showed that Petitioner had used multiple identities and conducted similar fraudulent activities in other counties and other states and had recruited the co-defendants for his illegal enterprise. The prosecution requested an upward departure from the state sentencing guidelines. Petitioner challenged the scoring of the sentencing guidelines, opposed an upward departure from those guidelines, and requested a sentence in the 30-month range similar to his co-defendants. The trial court found that Petitioner's criminal conduct was not adequately covered by

the sentencing guidelines and departed above the guideline range in sentencing him to the terms of imprisonment previously set forth.

Following his plea and sentencing, Petitioner filed an application for leave to appeal with the Michigan Court of Appeals asserting several claims of error, including the same plea and sentencing claims raised on habeas review. The Michigan Court of Appeals granted leave to appeal, but affirmed Petitioner's convictions and sentences. *See People v. Mack*, No. 261912, 2006 WL 3826744 (Mich. Ct. App. Dec. 28, 2006) (unpublished per curiam). Petitioner also filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *See People v. Mack*, 479 Mich. 860, 735 N.W.2d 252 (2007).

Petitioner, through counsel, thereafter filed the instant petition raising the following claims:

I. He was deprived of his liberty without due process of law under the Constitution because his guilty plea was not voluntarily, intelligently, and knowing made when: (A) his attorney misled him to believe that he would receive a guideline sentence similar to his co-defendants; (B) he was in fact innocent of allegations that lead to his convictions of conducting a criminal enterprise and did not understand the plea; and (C) he was denied the effective assistance of counsel due to a conflict of interest when his attorney represented a co-defendant.

II. His plea was not intelligently and adequately made because he pled guilty to conducting a criminal enterprise which the facts of the case did not legally support.

III. His sentences were imposed in violation of the Constitution because they were based upon: (A) inaccurate information; (B) alleged facts not admitted to by him or found beyond a reasonable doubt; and (C) prosecutorial misconduct.

IV. He is entitled to an evidentiary hearing.

Respondent has filed an answer to the petition contending that it should be denied for lack of merit. Petitioner has filed a reply to that answer.

3

## III. Standard of Review

Federal law imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409. "AEDPA thus imposes a

4

'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be

given the benefit of the doubt.'" *Renico v. Lett*, _ U.S. _, 130 S. Ct. 1855, 1862 (2010) (quoting *Lindh*, 521 U.S. at 333, n. 7; *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams*, 529 U.S. at 412; *see also Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. While the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

Additionally, a state court's factual determinations are presumed correct on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

Lastly, when a state court fails to consider an issue or does not specifically address whether the alleged error constitutes a denial of a petitioner's federal constitutional rights, the deference due under 28 U.S.C. § 2254(d) does not apply, and habeas review of such a claim is *de novo*. *See*

*Higgins v. Renico*, 470 F.3d 624, 630 (6th Cir. 2006) (quoting *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003), and citing *Wiggins v. Smith*, 539 U.S. 510, 534 (2003)).

**IV.     Analysis**

    A.     Involuntary Plea Claims

Petitioner first asserts that he is entitled to habeas relief because his plea was not voluntary, intelligent, and knowing. Specifically, he claims that his attorney misled him to believe that he would receive a guideline sentence similar to his co-defendants, that he did not conduct a criminal enterprise and did not understand his plea, and that he was denied the effective assistance of counsel due to a conflict of interest because his attorney represented a co-defendant.

When a petitioner is convicted as a result of a plea, habeas review is limited to whether the plea was made voluntarily, intelligently, and knowingly. *See United States v. Broce*, 488 U.S. 563 (1989); *Boykin v. Alabama*, 395 U.S. 238 (1969). A plea is voluntary if it is not induced by threats or misrepresentations and the defendant is made aware of the direct consequences of the plea. *See Brady v. United States*, 397 U.S. 742, 755 (1970). The voluntariness of a plea "can be determined only by considering all of the relevant circumstances surrounding it." *Id.* at 749. The plea is intelligent and knowing where there is nothing to indicate that the defendant is incompetent or otherwise not in control of his or her mental faculties, is aware of the nature of the charges, and is advised by competent counsel. *Id.* at 756. The plea must be made "with sufficient awareness of the relevant circumstances and likely consequences." *Id.* at 748. Generally, a plea is valid if it "represents a voluntary and intelligent choice among alternative courses of action." *North Carolina v. Alford*, 400 U.S. 25, 31 (1970).

Petitioner first asserts that his plea was involuntary because trial counsel misled him about the sentence that he would receive. The Michigan Court of Appeals denied relief on this claim finding that the record failed to support his claim. *See Mack*, 2006 WL 3826744 at *1. This decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. The record reveals that Petitioner's plea was knowing and voluntary. At the time of his plea, Petitioner was 24 years old and had a twelfth grade education. There is no indication that Petitioner suffered from any medical or mental condition that impaired his ability to understand the proceedings or the nature of his plea. Petitioner responded appropriately to the court's questions and stated a factual basis for his plea. Petitioner was represented by legal counsel and conferred with counsel during the plea process. The trial court advised Petitioner of his trial rights and the fact that he would be giving up those rights by pleading guilty. The court discussed the plea agreement, stated that there was no sentencing agreement, and informed Petitioner of the maximum sentences he faced upon conviction. Petitioner indicated that he understood the plea agreement, that he was pleading guilty of his own free will, and that he had not been coerced or threatened. He also indicated that no promises, other than those contained in the agreement, had been made to him to induce him to tender his plea.

Petitioner has not shown that defense counsel misadvised him about his case or the consequences of his plea. The record indicates that defense counsel initially advised Petitioner that he might receive a sentence similar to that of his co-defendants, but that once the plea was actually negotiated, no sentencing agreement had been reached. Moreover, even if Petitioner was somehow misinformed by counsel, he is not entitled to habeas relief. A trial court's proper plea colloquy cures any misunderstandings that a defendant may have about the consequences of a plea. *See Ramos v.*

7

*Rogers*, 170 F.3d 560, 565 (6th Cir. 1999); *see also Boyd v. Yukins*, 99 F. App'x 699, 703 (6th Cir. 2004). The record demonstrates that the trial court conducted a proper colloquy. Additionally, Petitioner's assertion that defense counsel misadvised him about his sentence conflicts with his sworn testimony at the plea hearing in which he acknowledged that no sentencing agreement had been reached and that he understood the maximum possible sentences. The fact that Petitioner was subsequently dissatisfied with his plea or may have hoped for more lenient treatment does not render his plea unknowing or involuntary. *See Brady*, 397 U.S. at 757. Having reviewed the record, the Court is satisfied that Petitioner's plea was knowing, intelligent, and voluntary. Habeas relief is not warranted on this claim.

Petitioner relatedly asserts that his plea was not knowing because he did not understand the charges to which he was pleading guilty and he did not conduct a criminal enterprise. The Michigan Court of Appeals did not specifically address this claim. Accordingly, the Court's review of this claim is *de novo*. Having so considered the matter, the Court finds that Petitioner has not shown that his plea was unknowing. At the time of his plea, Petitioner stated that he understood the charges and the terms of his plea agreement. He was represented by legal counsel and conferred with counsel during the plea process. Petitioner's claim conflicts with his sworn testimony at the plea hearing when he stated that he understood the terms of the plea bargain and was pleading guilty of his own free will. As aptly stated by the Sixth Circuit when faced with a challenge to a plea bargain based upon an alleged off-the-record agreement:

> If we were to rely on [the petitioner's] alleged subjective impression rather than the record, we would be rendering the plea colloquy process meaningless, for any convict who alleges that he believed the plea bargain was different from that outlined in the record could withdraw his plea, despite his own statements during the plea colloquy . . . indicating the opposite. This we will not do, for the plea colloquy process exists in part to prevent petitioners . . . from making the precise claim that

is today before us. "[W]here the court has scrupulously followed the required procedure, the defendant is bound by his statements in response to that court's inquiry."

*Ramos*, 170 F.3d at 566 (quoting *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986)). Petitioner has not established that he did not understand the charges and the terms of his plea agreement at the time of his plea. Furthermore, his comments disclaiming responsibility at the sentencing hearing mostly concerned other incidents and not the charges to which he pled guilty, were made in response to the prosecutor's request for an upward departure from the sentencing guidelines, and were discredited by the trial court. A mere assertion of innocence or the recantation of a guilty or no contest plea, absent a substantial supporting record, is insufficient to overturn a plea even on direct appeal. *See Everard v. United States*, 102 F.3d 763, 766 (6th Cir. 1996). Habeas relief is not warranted on this claim.

Lastly, Petitioner contends that his plea is invalid because he was denied the effective assistance of counsel due to counsel's prior representation of a co-defendant. The Michigan Court of Appeals denied relief on this claim finding that defense counsel had represented one of the co-defendants only at his preliminary examination; the co-defendant's case was concluded before counsel represented Petitioner; counsel referred to the prior representation during Petitioner's proceedings to argue in Petitioner's favor, *i.e.,* that there was no evidence that Petitioner was the leader of the criminal enterprise; Petitioner had not shown prejudice; and Petitioner had failed to establish that an actual conflict of interest adversely affected counsel's performance. *See Mack*, 2006 WL 3826744 at *2.

The Michigan Court of Appeals' decision is neither contrary to Supreme Court precedent nor an unreasonable application thereof. A criminal defendant is entitled to the effective assistance

of counsel free from conflict. *See Holloway v. Arkansas*, 435 U.S. 475, 483-84 (1978). To establish that counsel was ineffective, a petitioner must ordinarily prove that counsel's performance was deficient and that he was prejudiced by counsel's conduct. *See Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984). Prejudice means that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*.

When an actual conflict of interest exists, prejudice may be presumed. *See Cuyler v. Sullivan*, 446 U.S. 335, 348-50 (1980). To demonstrate such an actual conflict of interest, a petitioner must show that counsel actively represented conflicting interests and that an actual conflict of interest adversely affected counsel's performance. *See Mickens v. Taylor*, 535 U.S. 162, 171-72, n. 5 (2002); *United States v. Hall*, 200 F.3d 962, 965 (6th Cir. 2000). "[I]f the conflict is as to a matter that is irrelevant or the conflict is merely hypothetical, there is no constitutional violation." *Moss v. United States*, 323 F.3d 445, 463-64 (6th Cir. 2003). A petitioner must point to specific instances in the record which suggest an actual conflict or impairment of his interests. *See Thomas v. Foltz*, 818 F.2d 476, 481 (6th Cir. 1987). The standard requires "a choice by counsel caused by the conflict of interest." *See McFarland v. Yukins*, 356 F.3d 688, 706 (6th Cir. 2004). In the context of a guilty plea, a petitioner must establish: (1) that there was an actual conflict of interest, and (2) that the conflict adversely affected the voluntary nature of the guilty plea entered by the defendant. *Thomas*, 818 F.2d at 480.

However, such heightened protection for conflict of interest cases applies to cases of joint representation, not successive representation. *See Mickens*, 535 U.S. at 175-76; *Stewart v. Wolfenbarger*, 468 F.3d 338, 351 (6th Cir. 2006). The Sixth Circuit has indicated that the *Cuyler* standard applies only to concurrent multiple representation as the Supreme Court has yet to extend

it to other contexts. *See Gillard v. Mitchell*, 445 F.3d 883, 891 (6th Cir. 2006) (successive representation); *Whiting v. Burt*, 395 F.3d 602, 618-19 (6th Cir. 2005) (same counsel at trial and on appeal); *Lordi v. Ishee*, 384 F.3d 189, 193 (6th Cir. 2004) (successive representation); *Smith v. Hofbauer*, 312 F.3d 809, 817 (6th Cir. 2002) (personal conflict). "Successive representation occurs where defense counsel has previously represented a co-defendant or trial witness." *Moss*, 323 F.3d at 459. In this case, counsel only represented the co-defendant at his preliminary examination and his representation of that co-defendant ended before he began representing Petitioner. In fact, the record indicates that the co-defendant's case was resolved before Petitioner's plea and sentencing proceedings. Counsel's representation was therefore successive such that there is no presumption of prejudice.

Petitioner has not shown that counsel was deficient or that he was prejudiced by counsel's conduct as required under *Strickland*. Petitioner has failed to establish that counsel did or did not do something beneficial in his case in order to protect the co-defendant. Petitioner has also failed to establish that he was prejudiced by counsel's prior representation of the co-defendant at his preliminary examination. To the contrary, the record indicates that counsel secured a favorable plea deal for Petitioner and advocated on his behalf at sentencing. Petitioner's assertions of conflict and prejudice are conclusory and lack factual support. Petitioner has failed to show that defense counsel actively represented conflicting interests and/or that an actual conflict of interest adversely affected counsel's performance. Habeas relief is not warranted.

B. <u>Factual Basis Claim</u>

Petitioner next asserts that he is entitled to habeas relief because he pled guilty to conducting a criminal enterprise and the facts of the case do not legally support such a conviction. Under

11

Michigan law, before a trial court may accept a criminal defendant's plea, "the court, by questioning the defendant, must establish support for a finding that the defendant is guilty of the offense charged or the offense to which the defendant is pleading." Mich. Ct. R. 6.302(D)(1). A violation of a state law procedural rule, however, does not provide a basis for federal habeas relief. *See, e.g., Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Moreover, there is no federal constitutional requirement that a factual basis be established to support a guilty plea. *See Alford*, 400 U.S. at 37 ("An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime."); *United States v. Tunning*, 69 F.3d 107, 111 (6th Cir. 1995); *Roddy v. Black*, 516 F.2d 1380 (6th Cir. 1975); *Holtgreive v. Curtis*, 174 F. Supp. 2d 572, 582 (E.D. Mich. 2001). The only constitutional requirement is that a plea be knowing, intelligent, and voluntary. As discussed *supra*, Petitioner has not shown, nor does the record indicate, that his plea fails to meet that requirement.

Additionally, the Michigan Court of Appeals determined that the facts fit the statutory definition of a criminal enterprise and supported Petitioner's plea to conducting a criminal enterprise. *See Mack*, 2006 WL 3826744 at *5-6. This determination is entitled to deference on habeas review. To the extent that Petitioner challenges the Michigan Court of Appeals' construction or application of state law, he is not entitled to habeas relief. It is well-settled that "a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting on habeas review." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *see also Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975) (state courts are the final arbiters of state law); *Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir. 2002). Habeas relief is not warranted on this claim.

C.   Sentencing Claims

Petitioner next asserts that he is entitled to habeas relief because he believes that his sentence was based upon inaccurate information, was determined by facts neither admitted by him nor proven beyond a reasonable doubt, and was the result of prosecutorial misconduct. As an initial matter, the Court notes that Petitioner's sentences are within the statutory maximums. *See* Mich. Comp. Laws §§ 750.159i(1); 750.249; 257.310(7)(a). A sentence imposed within the statutory limits is generally not subject to federal habeas review. *See Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Lucey v. Lavigne*, 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999). A sentence within the statutory maximum does not normally constitute cruel and unusual punishment. *See Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000).

Petitioner challenges the upward sentencing departure and asserts that his sentence was based upon inaccurate information. The Michigan Court of Appeals denied relief on this claim finding that OV-14 was properly scored; that while OV-9 was improperly scored and would have resulted in a lower sentencing range, the trial court would have imposed the same sentence; and that the trial court had substantial and compelling reasons, not previously taken into account, which justified the upward departure. *See Mack*, 2006 WL 3826744 at *2-5.

This decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. As an initial matter, the Court notes that a sentencing guidelines or departure claim is not cognizable on federal habeas review because it is basically a state law claim. *See Austin v. Jackson*, 231 F.3d 298, 300-01 (6th Cir. 2000); *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003) ("A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only."); *Cheatham v. Hosey*, 12 F.3d 211, 1993 WL

478854, *2 (6th Cir. Nov.19, 1993) (departure from state sentencing guidelines is a state law issue not cognizable on federal habeas review); *McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006); *Robinson v. Stegall*, 157 F. Supp. 2d 802, 823 (E.D. Mich. 2001). "In short, petitioner had no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt*, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004); *see also Mitchell v. Vasbinder*, 644 F. Supp. 2d 846, 867 (E.D. Mich. 2009). Any alleged error in departing above the minimum sentencing guideline range does not merit habeas relief.

Second, Petitioner has not established a constitutional violation. A sentence may violate due process if it is carelessly or deliberately pronounced on an extensive and materially false foundation which the defendant had no opportunity to correct. *See Townsend*, 334 U.S. at 741; *see also United States v. Tucker*, 404 U.S. 443, 447 (1972); *United States v. Sammons*, 918 F.2d 592, 603 (6th Cir. 1990) (criminal defendant must have a meaningful opportunity to rebut contested information at sentencing). To prevail on such a claim, the petitioner must show that the trial judge relied on the allegedly false information. *See United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984); *Draughn v Jabe*, 803 F. Supp. 70, 81 (E.D. Mich. 1992). Petitioner has made no such showing. The record reveals that the state court considered the circumstances of the crime, the pre-sentence report, law enforcement testimony about Petitioner's illegal activities and false identities, and other permissible factors at sentencing. Petitioner had an opportunity to contest the accuracy of the information presented and other sentencing matters. Petitioner has not shown that the trial court relied upon materially false or inaccurate information, which he had not opportunity to correct, in imposing his sentence. Habeas relief is not warranted on this basis.

Petitioner also cannot prevail on his claim that he is entitled to habeas relief because the trial judge relied upon facts not admitted by him or proven beyond a reasonable doubt in imposing his sentence in violation of the Sixth Amendment. Petitioner cites *Blakely v. Washington*, 542 U.S. 296 (2004), in support of his position. The Michigan Court of Appeals denied relief on this claim finding that *Blakely* and its progeny do not apply to Michigan's indeterminate sentencing scheme. *See Mack*, 2006 WL 3826744 at *5.

The Michigan Court of Appeals' decision is neither contrary to Supreme Court precedent nor an unreasonable application thereof. Petitioner's Sixth Amendment challenge to his sentence has been foreclosed by the Sixth Circuit's decision in *Chontos v. Berghuis*, 585 F.3d 1000, 1002 (6th Cir. 2009) ("[Petitioner] argues that the Michigan trial judge violated *Apprendi* by finding facts that raised his minimum sentence. But *Harris v. United States* tells us that *Apprendi*'s rule does not apply to judicial factfinding that increases a minimum sentence so long as the sentence does not exceed the applicable statutory maximum."); *see also Montes v. Trombley*, 599 F.3d 490, 495 (6th Cir. 2010) (the *Blakely-Apprendi* rule requiring any fact that increases the penalty for a crime beyond the prescribed statutory maximum to be submitted to a jury and proved beyond a reasonable doubt does not apply to laws that set the maximum sentence by statute but that permit a judge to determine the minimum sentence through judicial factfinding, and does not preclude a judge from utilizing the preponderance-of-the-evidence standard when finding facts related to sentencing). This Court is bound by the Sixth Circuit's decisions. Because Petitioner's sentences are within the statutory maximum penalties, which were not enhanced by judicial factfinding, no Sixth Amendment violation occurred. Petitioner has failed to state a claim upon which relief may be granted as to this issue.

Petitioner also asserts that his sentence is improper due to prosecutorial misconduct because the prosecutor made prejudicial statements during the sentencing proceedings. Petitioner claims that the prosecution made statements unsupported by the record and subjected Petitioner to a character assassination. The Michigan Court of Appeals denied relief on this claim stating that the prosecutor was not required to state his position in the blandest of terms and finding no error requiring reversal. *See Mack*, 2006 WL 3826744 at *5.

This decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. It is well-established that prosecutors must "refrain from improper methods calculated to produce a wrongful conviction." *Berger v. United States*, 295 U.S. 78, 88 (1935). To prevail on a claim of prosecutorial misconduct, a habeas petitioner must demonstrate that the prosecutor's remarks "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974). The same holds true for sentencing proceedings. The Sixth Circuit has adopted a two-part test for determining whether prosecutorial misconduct violates a defendant's due process rights. *See Macias v. Makowski*, 291 F.3d 447, 452 (6th Cir. 2002) (citing cases). First, the court must determine whether the challenged statements were indeed improper. *Id*. at 452. Upon a finding of impropriety, the court must decide whether the statements were flagrant. *Id*.

In this case, the prosecutor's remarks at sentencing were based upon investigative reports and testimony from law enforcement concerning Petitioner's use of false identities, the breadth of his illegal activities, and his conduct in other counties and states. Such comments were proper. *See, e.g., Byrd v. Collins*, 209 F.3d 486, 535 (6th Cir. 2000) (a prosecutor has leeway to argue the evidence and reasonable inferences); *Portuondo v. Agard*, 529 U.S. 61, 69 (2000) ( a prosecutor may

argue from the facts that a witness, including a defendant, is or is not worthy of belief). Petitioner has not shown that the prosecutor knowingly made false statements, mislead the court, or otherwise engaged in improper tactics at sentencing. Moreover, even if the prosecutor erred, the disputed comments were not so flagrant as to render the sentencing proceeding fundamentally unfair. Habeas relief is not warranted on this claim.

        D.      <u>Evidentiary Hearing</u>

Lastly, Petitioner asserts that he is entitled to habeas relief because the state courts failed to grant him an evidentiary hearing on his claims and/or he is entitled to an evidentiary hearing in federal court. To the extent that Petitioner claims that the state courts violated state law in denying him an evidentiary hearing, he is not entitled to relief. A state court's alleged failure to properly apply state law or its own procedural rules, even if well-established, is not cognizable on federal habeas review. This Court's power to grant a writ of habeas corpus only extends to errors in the application of federal law. *See, e,g., Estelle v. McGuire*, 502 U.S. 62, 67-68 (1975). Habeas relief is unavailable for errors of state law and a federal court will not review a state court's decision on a matter of state law. *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Long v. Smith*, 663 F.2d 18 (6th Cir. 1981). Additionally, given the Court's determination that the foregoing claims lack merit, Petitioner has not shown the need for an evidentiary hearing. Habeas relief is not warranted.

**V.**      **Conclusion**

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on the claims contained in his petition. Accordingly, the Court **DENIES** and **DISMISSES WITH PREJUDICE** the petition for a writ of habeas corpus.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that ... jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Having considered the matter, the Court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right as to his claims. Accordingly, the Court **DENIES** a certificate of appealability.

**IT IS SO ORDERED**.

Dated: November 23, 2010

                                                            S/George Caram Steeh
                                                            GEORGE CARAM STEEH
                                                            UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
November 23, 2010, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk

---